IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMAR LEOMIN CONTRERAS <br> 4308 Lee Highway, Suite B1 <br> Arlington, Virginia 22207 <br><br> *On Behalf of Herself and* <br> *All Others Similarly situated* <br><br> PLAINTIFF <br><br> v. <br><br> PEACOCK CAFÉ, INC. <br> T/A Peacock Café and Peacock Grand Cafe <br> 3251 Prospect Street, NW <br> Washington, D.C. 20007 <br><br>    SERVE: Chef Maziar Farivar <br>    3251 Pospect Street, NW <br>    Washington, D.C. 20007 <br><br> DEFENDANT. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## COMPLAINT

Plaintiff Wilmer Leomin Contreras ("Plaintiff") by and through his undersigned counsel, on behalf of himself and all others similarly situated, hereby complains against Defendant Peacock Café, Inc. t/a Peacock Cafe and Peacock Grand Cafe ("Defendant") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia. Plaintiff's written consent to participate in a collective action under the FLSA is attached hereto as Exhibit 1.

2. Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. Defendant is in the business of operating a restaurant and bar in the Georgetown neighborhood of Washington, DC. At all times relevant to this litigation, Defendant was Plaintiff's "employer" for purposes of the FLSA and DCMWA.

3. During Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5. Plaintiff was employed by Defendant from approximately December 2007 through May 18, 2011. From about December 2007 until about June 2009, Plaintiff worked for Defendant as a busboy at Defendant's Peacock Grand Café located at 2020 K Street, NW, Washington, DC 20006. From about June 2009 until the end of Plaintiff's employment, Plaintiff worked for Defendant as a busboy at Defendant's Peacock Café located at 3251 Prospect Street, NW, Washington, DC 20007.

6. During his term of employment, Plaintiff was paid a regular rate of pay in the amount of $7.00 per hour while working at the Peacock Grand Café and $6.50 per hour when working at the Peacock Café. While working at both locations, Plaintiff also received a portion of the gratuities provided by Defendant's patrons.

7. During his term of employment, Plaintiff regularly worked about sixty (60) hours per week. Defendant paid Plaintiff at his regular hourly rate for all hours worked each week, including hours worked each week in excess of forty (40).

8. During his term of employment, Defendant never paid Plaintiff at the required overtime rate of one-and-one-half (1½) times his regular rate of pay for hours worked each week in excess of forty (40).

9. During his term of employment, Plaintiff never performed work duties that would qualify him as exempt from the FLSA or DCMWA overtime requirements.

10. Plaintiff is aware of other current and former employees of Defendant who are similarly situated in that they: (1) were or are employees of Defendant; (2) were or are not paid for overtime hours worked each week as prescribed by law; and (3) have not yet asserted their rights to recover unpaid overtime wages either because they are not yet

aware of their entitlement to unpaid overtime wages or (for those who are aware) are afraid of retaliation and/or loss of their employment with Defendant if they act to assert their rights.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

11.  Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-10 above, as if each were set forth herein.

12.  Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

13.  Plaintiff was an "employee" of Defendant covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was Plaintiff's "employer" under § 207(a)(2). Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for overtime hours worked at the FLSA required overtime rate.

14.  As set forth above, Plaintiff, and others similarly situated, worked overtime hours in excess of forty (40) on a regular basis. Defendant, however, failed and refused to pay Plaintiff, and others similarly situated, as required by the FLSA for overtime hours worked.

15.  Defendant's failure and refusal to pay Plaintiff and others similarly situated overtime compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all other similarly situated individuals who have joined in this suit) under Count I for unpaid overtime wages in such an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime)**

16. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-15 above, as if each were set forth herein.

17. Plaintiff was Defendant's "employee," and Defendant was Plaintiff's "employer" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff overtime wages at the rate of one and one half (1½) times his regular rate of pay for work performed beyond forty (40) hours in any given workweek.

18. Plaintiff, and others similarly situated, worked over forty (40) hours per week on a regular basis. For these hours, however, Defendant failed and refused to pay Plaintiff, and others similarly situated, overtime pay at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay as required under the DCMWA.

19. Defendant's failure and refusal to pay overtime wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

/s/

Philip B. Zipin, Bar No. 367362
Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email:  pzipin@zipinlaw.com
        ggreenberg@zipinlaw.com

*Counsel for Plaintiff*